UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CBC SETTLEMENT FUNDING, LLC,

         Plaintiff(s),

-against-

EVERLAKE ASSIGNMENT COMPANY f/k/a
ALLSTATE ASSIGNMENT COMPANY, WILTON
REASSURANCE LIFE COMPANY OF NEW YORK
f/k/a ALLSTATE LIFE INSURANCE COMPANY
OF NEW YORK, and DEMIRAR LOWERY,

         Defendant(s).
------------------------------------------------------------------X

Case No. __24__ Civ. __4668__ ( __ )

**VERIFIED PETITION**

**(Pursuant to 26 U.S.C.A. §5891 / I.R.C. §5891 and N.Y. Gen. Oblig. Law §5-1701 *et seq.*)**

**TO THE HONORABLE JUDGE OF THE COURT:**

  The Petitioner, CBC Settlement Funding, LLC, by its attorneys of record, Sacco & Fillas, LLP, on notice to interested parties and Respondents, Demirar Lowery, Everlake Assignment Company f/k/a Allstate Assignment Company, and Wilton Reassurance Life Company of New York f/k/a Allstate Life Insurance Company of New York, respectfully alleges, as follows:

## NATURE OF APPLICATION

  1. This is a special proceeding brought, pursuant to 26 U.S.C.A. §5891 / I.R.C. §5891 (the "*Federal Statute*") and New York's The Structured Settlement Protection Act, Gen. Oblig. Law §5-1701 *et seq.* (the "*NY Act*" and/or the "*SSPA*") (the "Federal Statute" and the "NY Act" / "SSPA" collectively referred to as the "*Applicable Acts*"), seeking approval of the sale and transfer of certain structured settlement payment rights due under a structured settlement agreement, in accordance with the Applicable Acts.

## INTERESTED PARTIES

  2. Certain entities are deemed to be "interested parties" to this Petition as defined in Gen. Oblig. Law §5-1701(f); pursuant to Gen. Oblig. Law §5-1705(c), the "interested parties" are to be served at least twenty (20) days, or such other period of time as prescribed by the Court, prior to a Petition being heard with copies of said Petition and Order to Show Cause.

3. The "interested parties" noticed of this Application are:

   a. CBC Settlement Funding, LLC, the Petitioner and Applicant herein, which is a limited liability company formed under the laws of the State of Delaware, maintains its principal place of business in the Commonwealth / State of Pennsylvania, and is deemed a "Transferee" as this term is defined in Gen. Oblig. Law §5-1701(t).

   b. Demirar Lowery, who is the Payee and Transferor herein, and is a competent adult individual who is domiciled and resides in the County of Orange, State of New York, and is deemed a "Payee" as said term is defined in Gen. Oblig. Law §5-1701(h) (hereinafter, "Transferor" and/or "Payee"). The Payee consents to and joins in this application, as evidenced by the transfer agreement and other papers (i.e., the "Purchase and Sale Agreement") consummated by and between said Payee and CBC Settlement Funding, LLC;

   c. Everlake Assignment Company f/k/a Allstate Assignment Company ("EVERLAKE"), which, upon information and belief, is a foreign insurance company authorized to do business in the State of New York, and is deemed a "Structured Settlement Obligor", as said term is defined in Gen. Oblig. Law §5-1701(n), in connection with the structured settlement payment rights at issue in this proceeding; and

   d. Wilton Reassurance Life Company of New York f/k/a Allstate Life Insurance Company of New York ("WILTON"), which, upon information and belief, is a foreign insurance company authorized to do business in the State of New York, and is deemed an "Annuity Issuer", as said term is defined in Gen. Oblig. Law §5-1701(a), in connection with the structured settlement payment rights at issue in this proceeding.

## VENUE AND JURISDICTION

4. Jurisdiction exists in the United States District Court for the Southern District of New York because this is the "court which approved the structured settlement agreement" in an action styled as "*Velda Lowery, et al v. Ossining Union Free School District, et al*", Civil Case No. 02 Civ. 8350 (JSR). See Gen. Oblig. Law §5-1705(b)(ii). See also 26 U.S.C.A. §5891 / I.R.C. §5891. Annexed hereto as Exhibit "A" and incorporated herein by reference is a true and correct copy of the Infant's Compromise Order, promulgated under Civil Case No. 02 Civ. 8350.

5. Jurisdiction also exists in this Court under 26 U.S.C. §1332(a)(1) because:

   a. The amount in controversy and/or at issue in this matter exceeds the sum or value of $75,000.00.

   b. Petitioner is a citizen of, and maintains its principle offices in, a state (Pennsylvania) different from that of at least one Respondent.

   c. Upon information and belief, Respondent, Demirar Lowery, is a citizen of, and resides in, the State of New York.

   d. Upon information and belief, Respondents, EVERLAKE and WILTON, are citizens of, and maintain their principle offices in, the State of Illinois.

## STATEMENT OF FACTS

6. Upon information and belief, the Payee is not married, has two (2) minor children, and has no other dependents or beneficiaries under the structured settlement payment rights which are the subject of this proceeding. Annexed hereto as Exhibit "B" is a true and correct copy of the Payee's List of Dependents.

7. Upon information and belief, as a result of a settlement of a tort / personal injury claim, the Transferor became a beneficiary of certain structured settlement payments, which provided for a series of deferred cash payments under a "structured settlement" as defined in Gen. Oblig. Law §5-1701(l) and 26 U.S.C. §5891(c)(1).

3

8. Upon information and belief, the structured settlement was the subject of a "qualified assignment", pursuant to Internal Revenue Code §§104 and 130, 26 U.S.C. §§104 and 130, as a result of which EVERLAKE assumed the liabilities of the structured settlement obligor to make the payments provided for under the structured settlement.

9. Upon information and belief, the Structured Settlement Obligor funded its obligation to make the structured settlement payments through the purchase of a certain annuity contract/policy (the "Annuity") from Annuity Issuer, WILTON, whereby the Payee became entitled to receive certain structured settlement payment rights.

10. Pursuant to 26 U.S.C. §5891(a), any transfer of structured settlement payment rights pursuant to a transfer agreement entered into after July 1, 2002, subjects the transferee (i.e., the purchaser of the structured settlement payment rights) to an excise tax unless the transfer has been approved by, inter alia, a court of the state in which the Payee of the structured settlement is domiciled through the issuance of a "qualified order," which is defined as an order issued pursuant to the terms of a statute regulating the transfer of structured settlement transfer rights enacted by the state in which the Payee(s) is/are domiciled or the settled case was litigated. The SSPA, Gen. Oblig. Law §5-1701 et seq., is such a statute.

11. New York Insurance Law §3212(d) provides that any purported limitation upon transfer in an annuity contract funding a structured settlement are ineffective if the transfer has been approved pursuant to Gen. Oblig. Law §5-1701 et seq.

12. The Transferor seeks to sell, assign and transfer to the Petitioner, CBC Settlement Funding, LLC, its successors and/or assigns, certain payments remaining under their structured settlement agreement pursuant to the terms of a "transfer agreement" as defined in Gen. Oblig. Law §5-1701(r). A true and correct copy of the Purchase and Sale Agreement is annexed hereto as Exhibit "C". It is a condition of said Purchase and Sale Agreement that the transfer be approved by a court and under an order that must be recognized and honored by EVERLAKE, as the structured settlement obligor, and WILTON, as the annuity issuer.

13. The proposed transfer seeks approval, as authorized by the Applicable Acts, for the sale and transfer of the following structured settlement payment rights (periodic payments): one hundred twenty (120) monthly payments of $2,200.00, beginning with the payment due and payable on or about August 1, 2039, continuing through to and including the payment due and payable on or about July 1, 2049. See Exhibit "C" and Exhibit "D".

14. All disclosure requirements of Gen. Oblig. Law §5-1703 have been complied with by providing, not less than ten (10) days prior to the date on which Payee executed the transfer agreement by regular mail and certified-mail return-receipt requested and/or postal office priority mail as the case may be, the disclosure statement in fourteen (14) point bold type containing disclosures in plain language the information required therein, namely:

   a. the amounts and due dates of the structured settlement payments to be transferred;
   b. the aggregate amount of such payments;
   c. the discounted present value of the payments to be transferred which shall be identified as the "calculation of current value of the transferred structured settlement payments under federal standards for valuing annuities", and the amount of the applicable federal rate used in calculating such discounted present value;
   d. the price quote from the original annuity issuer or, if such price quote is not readily available from the original annuity issuer, then a price quote from two (2) other annuity issuers that reflects the current cost of purchasing a comparable annuity for the aggregate amount of payments to be transferred; the gross advance amount and the annual discount rate, compounded monthly, used to determine such figures;
   e. an itemized listing of all commissions, fees, costs, expenses and charges payable by the Payee or deductible from the gross amount otherwise payable to the Payee and the total amount of such fees;
   f. the net advance amount including the statement: "The net cash payment you receive in this transaction from the buyer was determined by applying the specified discount rate to the amount of future payments received by the buyer, less the total amount of commissions, fees, costs, expenses and charges

>    payable by you";
>
> g. the amount of any penalties or liquidated damages payable by the Payee in the event of any breach of the transfer agreement by the Payee; and
>
> h. a statement that the Payee has the right to cancel the transfer agreement, without penalty or further obligation, not later than the third business day after the date the agreement is signed by Payee.

Annexed hereto as Exhibit "D" is a true and correct copy of said disclosure statement(s) and proof of notice of said statement(s).

15. The aggregate total of the Transferred Payments is $264,000.00 (Exhibit "D").

16. The discounted present value of the Transferred Payment(s), applying the then applicable and available published federal rate of 5.4% is $92,507.74 (Exhibit "D").

17. The gross / net amount payable to the Payee is $25,000.00 (Exhibit "D").

18. The annual discount rate, compounded monthly, used to determine the gross advance amount is 12.73% (Exhibit "D"), which rate, under New York law, cannot be deemed as high, and unfair and unreasonable. In re Cherlee Medina, 12/26/2008 N.Y.L.J. 27 (col. 1) (Sup. Ct., Bronx Co.) (13.92% discount rate is fair and reasonable); In re Kimberly Whispell (unpublished decision) (Sup. Ct., Ulster Co., Index No. 08-4095) (15.66% discount rate is fair and reasonable); and In re Settlement Funding of New York, LLC (John E. Platt), 774 N.Y.S.2d 635 (Sup. Ct., Lewis Co. 2003) (approving transfer with 19.99% discount rate).

19. The Court, in In re Settlement Funding of New York, LLC (John E. Platt), 774 N.Y.S.2d 635, approved a guaranteed structured settlement transfer with a discount rate of 19.99% funding it to be fair and reasonable; in approving this transfer, the court noted that "no universal percent prohibition on discount rate can be adopted as a judicial standard that would preclude approving assignment of payments due under structured settlement in exchange for a discounted lump sum under the Structured Settlement Protection Act give the need for flexibility and the delegation of discretion to courts." Id.

20. Noteworthy, the Court, in <u>In Re Henderson Receivables, L.P.</u>, 819 N.Y.S.2d 826 (Sup. Ct. 2006), opined that (i) the analyses for determining what is fair and reasonable under the Structured Settlement Protection Act must be based upon what is reasonable within the range of the marketplace coupled with the best interest analysis; and (ii) the more pressing the need, the more reasonable it may be for a payee to obtain immediate cash at a steep discount rate. <u>Citing</u> <u>In Re 321 Henderson Receivables Ltd. Partnership,</u> 769 N.Y.S.2d 859 (Sup. Ct. 2003).

21. The transfer complies with all requirements and standards of the Applicable Acts; in that:

   a. For the reasons shown in the Payee's Affidavit, along with the documentary evidence is support thereof (if any), <u>see</u> Exhibit "E", the transfer is in the best interests of said Payee;

   In particular, the Payee intends to use the proceeds from this transaction to secure housing. <u>See</u> Payee Affidavit, at ¶8 (Exhibit "E"); and

   b. The transfer does not contravene any Federal or State statute or the order of any court or responsible administrative authority.

22. The transfer complies with all requirements and standards of Gen. Oblig. Law §5-1701 et seq., in that:

   a. It complies with all requirements of the Structured Settlement Protection Act, Gen. Oblig. Law §5-1701 et seq.;

   b. For the reasons shown in the Payee's Affidavit, along with the documentary evidence is support thereof (if any), <u>see</u> Exhibit "E", the transfer is in the best interest of the Payee taking into account the welfare and support of the Payee's dependents, if applicable, and the transaction, including the discount rate used to determine the gross advance amount and the fees and expenses used to determine the net advance amount, is fair and reasonable;

    c. The Payee has been advised in writing by the Transferee to seek independent professional advice regarding the transfer and has either received such advice or knowingly waived such advice in writing (the affidavit of the Payee acknowledging receipt of such advice and that s/he has either received or waived such advice is annexed hereto as Exhibit "F").

    d. The transfer does not contravene any applicable statute or the order of any court or administrative or government authority, and both the transfer agreement and all disclosures are written in plain language and in compliance with Gen. Oblig. Law §5-702.

23. It is submitted that Gen. Oblig. Law §5-1705(c) explicitly authorizes and directs the filing of this matter by Order to Show Cause and Petition.

24. No prior application for the relief herein prayed for has been made, except as stated in Payee's Affidavit. See Payee Affidavit, at ¶9 (Exhibit "E").

WHEREFORE, pursuant to Gen. Oblig. Law §5-1701 et seq., the Petitioner hereby respectfully requests that this Court enter an Order, in a form to be submitted herewith, approving the sale and transfer herein, based upon findings that: (i) the transfer is in compliance with the requirements of 26 U.S.C.A. §5891 and I.R.C. §5891; and Gen. Oblig. Law §5-1701 et seq.; (ii) the transfer is in the best interest of the Payee, taking into account the welfare and support of Payee's dependents (if applicable) and the transaction, including the discount rate used to determine the gross advance amount and the fees and expenses used to determine the net advance amount, is fair and reasonable; (iii) the Payee has been advised in writing by the transferee to seek independent professional advice regarding the transfer and has either received such advice or knowingly waived such advice in writing; (iv) the transfer does not contravene any applicable federal or state statute or order of any court or other administrative or government authority; and (v) the transfer agreement, disclosure and related documents are written in plain language and in compliance with Gen. Oblig. Law §5-702 and directing EVERLAKE, as the structured settlement obligor, and WILTON, as the annuity issuer, to recognize and honor the terms of the transfer agreement to the Petitioner, CBC Settlement Funding, LLC, its successors and/or assigns, and to make payment of the structured settlement payments that are the subject of

this proceeding to the Petitioner, CBC Settlement Funding, LLC, its successors and/or assigns.

Dated: Astoria, New York
       June 19, 2024

                                  Respectfully submitted,

                                  SACCO & FILLAS, LLP

                                  <u>/s/ Luigi Brandimarte</u>
                                  By: Luigi Brandimarte, Esq. (LB-8388)
                                  Attorney(s) for Plaintiff(s)
                                  31-19 Newtown Avenue
                                  Seventh Floor
                                  Astoria, New York 11102
                                  (718) 269-2201 – Telephone
                                  (718) 732-2409 – Facsimile
                                  Our File No.: 32718-24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CBC SETTLEMENT FUNDING, LLC,
                              Plaintiff(s),

           -against-                                **ATTORNEY'S VERIFICATION**

EVERLAKE ASSIGNMENT COMPANY f/k/a
ALLSTATE ASSIGNMENT COMPANY, WILTON
REASSURANCE LIFE COMPANY OF NEW YORK
f/k/a ALLSTATE LIFE INSURANCE COMPANY
OF NEW YORK, and DEMIRAR LOWERY,
                              Defendant(s).
-----------------------------------------------------------------X

      LUIGI BRANDIMARTE, an attorney duly admitted to practice in the Courts of the State of New York, affirms the following, upon information and belief, under the penalties of perjury:

      I am the attorney of record for the Petitioner, CBC Settlement Funding, LLC, in the above-entitled action.

      I have read the foregoing Order to Show Cause and Verified Petition and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

      This verification is made by your affirmant and not by Petitioner because said Petitioner does not maintain its principal place of business within the County of Queens, which is the County where your affirmant maintains offices.

      The grounds of your affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with Petitioner, information contained in said Petitioner's file, which is in your affirmant's possession, and other pertinent data relating thereto.

Dated: Astoria, New York
       June 19, 2024

                                                        /s/ Luigi Brandimarte
                                                        Luigi Brandimarte, Esq.

UNITED STATES DISTRICT COURT    Case No. ____ Civ. ____ (____)
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CBC SETTLEMENT FUNDING, LLC,
        Plaintiff(s),

   -against-

EVERLAKE ASSIGNMENT COMPANY f/k/a
ALLSTATE ASSIGNMENT COMPANY, WILTON
REASSURANCE LIFE COMPANY OF NEW YORK
f/k/a ALLSTATE LIFE INSURANCE COMPANY
OF NEW YORK, and DEMIRAR LOWERY,
        Defendant(s).
------------------------------------------------------------------X

## ORDER TO SHOW CAUSE,
## VERIFIED PETITION AND EXHIBITS

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: June 19, 2024    Signature: /s/ Luigi Brandimarte
                  Luigi Brandimarte, Esq.

        SACCO & FILLAS, LLP
       Attorney(s) for Plaintiff (s)
        31-19 Newtown Avenue
         Seventh Floor
       Astoria, New York 11102
      (718) 269-2201 – Telephone
      (718) 732-2409 – Facsimile