

September 5, 2024

**VIA ECF**

The Honorable Nelson S. Roman
United States District Judge for the
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Ilya Schwartzburg

Direct Phone   215-336-4443
Direct Fax        215-372-2363
ISchwartzburg@cozen.com

      Re:  CBC Settlement Funding, LLC – against - Everlake Assignment Company f/k/a Allstate Assignment Company, Wilton Reassurance Life Company of New York f/k/a Allstate Life Insurance Company of New York, and Demirar Lowery
United States District Court, Southern District of New York
Civil Action No. 7:24-cv-04668

Dear Judge Roman:

    This firm represents interested parties, Everlake Assignment Company f/k/a Allstate Assignment Company ("Everlake Assignment") and Wilton Reassurance Life Company of New York f/k/a Allstate Life Insurance Company of New York ("Wilton Re Life NY"), in connection with the above-captioned matter. Everlake Assignment and Wilton Re Life NY write seeking a pre-motion conference pursuant to the Court's individual rules prior to filing a motion to dismiss the Verified Petition.

    This case concerns a transfer of a structured settlement payment rights  Plaintiff, CBC Settlement Funding, LLC ("CBC Settlement") and Demirar Lowery seek  to effectuate, which requires judicial approval under New York Structured Settlement Protection Act, N.Y. Gen. Obligation Law § 5-1701 *et seq*. (the "New York Act"). As Everlake Assignment and Wilton Re Life NY intend to make clear in a planned motion to dismiss, Plaintiff is inappropriately asserting in federal court a claim that can only be brought in New York state court and over which this Court lacks subject-matter jurisdiction. Even if the Court did have subject matter jurisdiction, Plaintiff has failed to state a claim upon which relief can be granted because it violates the anti-assignment language in the contracts establishing the structured settlement in contravention of well-established New York law.

    It is axiomatic that federal courts are courts of limited jurisdiction and possess "only that power authorized by [the] Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Defects in subject matter jurisdiction cannot be waived. *See Galu v. Attias*, 923 F. Supp. 590, 594 (S.D.N.Y. 1996). Moreover, parties cannot confer subject matter jurisdiction on a federal court. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinne*, 456 U.S. 694, 702 (1982) ("no action of the parties

September 5, 2024
Page 2

---

can confer subject-matter jurisdiction upon a federal court."). In this matter, CBC Settlement relies on the New York Act and 26 U.S.C. § 5891 (the "Tax Code"), a tax code provision, in support of its claim this Court has subject matter jurisdiction to rule on its Petition. However, the New York Act is state law and does not create federal jurisdiction. Moreover, the Tax Code merely provides for the avoidance of an excise tax on a factoring company such as CBC Settlement in connection with a transfer of structured settlement payment rights. While the New York Act indicates a petition for transfer of structured settlement payment rights may be brought "in any court which approved the structured settlement agreement," that does not independently establish federal court jurisdiction.

CBC Settlement also attempts to assert this Court has ancillary jurisdiction by virtue of the fact it approved the underlying structured settlement. However, such claim is without merit. There is nothing in the Infant's Compromise Order expressly stating this Court retained jurisdiction over the settlement agreement or incorporated the express terms of the settlement agreement. The doctrine of ancillary jurisdiction allows a district court to take actions necessary "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Hendrickson v. United States*, 791 F.3d 354, 360 (2d Cir. 2015). In fact, the "Supreme Court has cautioned against the exercise of jurisdiction over proceedings that are entirely new and original, or where the relief sought is of a different kind or a different principle than that of the prior decree." *Priestley v. Panmedix Inc.*, 18 F. Supp. 3d 486, 495 (S.D.N.Y. 2014) (quoting *Peacock v. Thomas*, 516 U.S. 349, 358). Here, CBC Settlement is not attempting to enforce the structured settlement agreement or the Infant's Compromise Order. Rather, it is seeking to undermine those documents.

Furthermore, Article III of the Constitution grants federal courts only with the power to decide "Cases" or "Controversies." Art. III, § 2. That is there must be "a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions." *Carney v. Adams*, 592 U.S. 53, 58 (2020). For purposes of Article III, it is irrelevant that state law authorizes a plaintiff to bring suit in state court. *Ross v. AXA Equitable Life Ins. Co.*, 115 F. Supp. 3d. 424, 434 (S.D.N.Y. 2015), *aff'd* 680 F. App'x 41 (2d Cir. 2017). Here, CBC Settlement has not suffered an invasion of any legally protected interest. Rather, it is merely seeking an advisory opinion that its proposed transaction with Demirar Lowery is in *her* best interest. Given the lack of a concrete injury to be redressed by this Court, there is no jurisdiction.

Finally, even assuming this Court had subject matter jurisdiction – which it does not – the New York Supreme Court has consistently held that anti-assignment provisions in structured settlement agreements are enforceable. *See In re Advance Funding LLC*, 51 Misc. 3d 1215(A), 38 N.Y.S.3d (N.Y. Sup. Ct. 2016); *In re J.G. Wentworth Originations, LLC,* 51 Misc.3d 1216(A), 38 N.Y.S.3d 831 (N.Y. Sup. Ct. 2016); *J.G. Wentworth Originations, LLC v. Robinson*, No. 112976/14, (N.Y. Sup. Ct., Albany Cty., March 27, 2014); *Peachtree Settlement Financing, LLC v. Loftin*, No. 1089321-12, (N.Y. Sup. Ct., Albany Cty., Nov. 13, 2012); *see also Singer Asset Fin. Co., L.L.C. v. Bachus*, 294 A.D.2d 818, 741 N.Y.S.2d 618 (4th Dep't 2002); *C.U. Annuity Service Corp. v. Young*, 281 A.D.2d 292, 722 N.Y.S.2d 236 (1st Dep't 2001).[1] The underlying structured

---

[1] Indeed, New York courts have a long history of enforcing contractual restrictions on assignment. *See University Mews Assocs. v. Jeanmarie*, 122 Misc. 2d 434, 471 N.Y.S. 2d 457 (Sup. Ct., N.Y. Co. 1983) (New York courts generally recognize and enforce contractual provisions prohibiting

Footnote continued on next page

September 5, 2024
Page 3

---

settlement agreement and related contracts all clearly and unequivocally state that Demirar Lowery does not have the "power to sell or mortgage or encumber" the structured settlement payments she seeks to assign to CBC Settlement. This language makes clear that the transaction upon which CBC Settlement bases its Petition is prohibited as a matter of law because it violates the language of these contracts. To approve the instant transaction would be to sanction, in advance, a direct breach of the governing contracts. Neither the New York Act nor New York law permits such a result. As the party obligated to make the subject structured settlement payments to Demirar Lowery, Everlake Assignment has the right to enforce this language and prevent the effectuation of the proposed transfer.

For these reasons, Everlake Assignment and Wilton Re Life NY intend to move the Court to dismiss the Petition and request a pre-motion conference to pursue such a motion. Everlake Assignment and Wilton Re Life NY are prepared to file promptly after permission is granted.

Respectfully submitted,
COZEN O'CONNOR

By: /s/ Ilya Schwartzburg

cc: By ECF:

**Patricia Rose Lynch**
Sacco & Fillas LLP
31-19 Newtown Ave
Astoria, NY 11102
(718)-269-2240
Email: plynch@saccofillas.com

**Luigi Brandimarte**
Sacco & Fillas, LLP
31-19 Newtown Avenue
Astoria, NY 11102
(718)-746-3440
Fax: (718)-746-4117
Email: lbrandimarte@saccofillas.com

cc: By First Class Mail:

**Demirar Lowery**
102 North St., Apt. 6
Middletown, NY 10940

---

assignment); *Allhusen v. Caristo Constr. Corp.*, 303 N.Y. 446, 103 N.E.2d 891 (1952) (holding that a restriction eliminating the power to assign is enforceable).