**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X

CBC SETTLEMENT FUNDING, LLC,                    Case No.: 7:24-cv-04668-NSR

                         Plaintiff(s),

      -against-

EVERLAKE ASSIGNMENT COMPANY f/k/a
ALLSTATE ASSIGNMENT COMPANY,
WILTON REASSURANCE LIFE COMPANY
OF NEW YORK f/k/a ALLSTATE LIFE
INSURANCE COMPANY OF NEW YORK, and
DEMIRAR LOWERY,

                       Defendant(s).
------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF EVERLAKE ASSIGNMENT**
**COMPANY'S AND WILTON REASSURANCE LIFE COMPANY OF NEW YORK'S**
**MOTION TO DISMISS PLAINTIFF'S VERIFIED PETITION**

COZEN O'CONNOR

One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103

**Table of Contents**

Page

Argument ........................................................................................................................... 1

I.      The Petition Does Not Raise A Federal Question And Diversity Jurisdiction Does Not Confer Subject Matter Jurisdiction in the Absence of a Violation of a State-Created Legal Right .......................................................................................................... 1

II.     There is No Article III Case or Controversy ........................................................... 4

III.    The Petition Violates the Anti-Assignment Language in the Settlement Agreement and Related Contracts in Contravention of Well-Established New York Law ........................................................................................................................ 4

Conclusion ........................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Matter of 321 Henderson Receivables Origination LLC (Logan)*,
  19 Misc. 3d 504, 856 N.Y.S.2d 817 (N.Y. Sup. Ct. 2008) ...................................................5, 7

*In re Advance Funding LLC*,
  51 Misc. 3d 1215(A), 38 N.Y.S.3d 830 (N.Y. Sup. Ct. 2016)...................................................5

*Allhusen v. Caristo Constr. Corp.*,
  303 N.Y. 446, 103 N.E.2d 891 (1952)...................................................................................6

*Cordero v. Transamerica Annuity Service Corp.*,
  39 N.Y.3d 399 (2023) ...........................................................................................................6

*Duchek v. Jacobi*,
  646 F.2d 415 (9th Cir. 1981) ................................................................................................2

*In re Emerald Funding Corp.*,
  2003 NYLJ LEXIS 2740 (N.Y. Sup. Ct., Monroe Cty. June 12, 2003) ...................................5

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
  545 U.S. 308 (2005).............................................................................................................2

*Guthrie v. Rainbow Fencing Inc.*,
  113 F.4th 300 (2d Cir. 2024) ...............................................................................................4

*Matter of J.G. Wentworth Originations, LLC*,
  112 N.Y.S.3d 888 (N.Y. Sup. Ct. 2019) ...............................................................................6

*In re J.G. Wentworth Originations, LLC*,
  51 Misc.3d 1216(A), 38 N.Y.S.3d 831 (N.Y. Sup. Ct. 2016)..................................................5

*J.G. Wentworth Originations, LLC v. Robinson*,
  No. 112976/14 (N.Y. Sup. Ct., Albany Cty. March 27, 2014) ................................................5

*Matter of Knight-Rider Broadcasting v. Greenberg*,
  70 N.Y.2d 151 (1987) ..........................................................................................................7

*In re Lobello*,
  28 Misc. 3d 1203(A), 957 N.Y.S.2d 636 (N.Y. Sup. Ct. 2010)...............................................8

*Pac. Life Ins. Co. v. Rapid Settlements, Ltd.*,
  2007 WL 2530098 (W.D.N.Y. Sept. 5, 2007), *aff'd*, 309 F. App'x 459 (2d Cir.
  2009) ..................................................................................................................................6

*Peachtree Settlement Financing, LLC v. Loftin,*
  No. 1089321-12 (N.Y. Sup. Ct., Albany Cty. Nov. 13, 2012) .................................5

*Peachtree Settlement Funding, LLC v. Hernandez,*
  No. 2602122012, 2012 WL 10028450 (N.Y. Sup. Ct. June 19, 2012)......................4

*Priestley v. Panmedix Inc.,*
  18 F. Supp. 3d 486 (S.D.N.Y. 2014).......................................................................3

*Romanella v. Hayward,*
  114 F.3d 15 (2d Cir. 1997).....................................................................................3

*In re Settlement Capital Corp. for Approval of Transfer of Structured Settlement
  Payment Rights of Maria S. Illescas in Accordance with General. Obligations
  Law,*
  No. 103992/03, 2003 WL 26094929 (N.Y. Sup. Ct. Dec. 22, 2003) .......................8

*Spokeo, Inc. v. Robins,*
  578 U.S. 330 (2016)...............................................................................................4

*Matter of the Petition of J.G. Wentworth Originations, LLC (Radcliffe),*
  Index No. 30364/10 (Sup. Ct., Westchester Co., March 23, 2011) .........................4

*University Mews Assocs. v. Jeanmarie,*
  122 Misc. 2d 434, 471 N.Y.S. 2d 457 (N.Y. Sup. Ct., N.Y. Cty. 1983)..................6

**Statutes**

26 U.S.C. § 5891.............................................................................................1, 2, 4

26 U.S.C. § 5891(2)(B)(i) ...........................................................................................2

26 U.S.C. § 5891(b)(2) ................................................................................................2

28 U.S.C. § 1332(a)(1).................................................................................................3

GOL § 5-1701(f) ..........................................................................................................5

GOL § 5-1705(b)(ii) ....................................................................................................2

GOL § 5-1708(e)..........................................................................................................5

GOL § 5/1702(d)..........................................................................................................7

New York Insurance Law § 3212(d) ...........................................................................7

New York Structured Settlement Protection Act, N.Y. Gen. Oblig. Law § 5-1701
  *et seq.* ........................................................................................................................2

Tax Code Section 130, 26 U.S.C. § 130 .....................................................................6

**Other Authorities**

Treasury Regulations § 1.451-2(a) ................................................................6

United States Constitution Article III ................................................1, 2, 3, 4

The opposition ("Opposition" or "Opp.") of CBC Settlement Funding, LLC ("CBC Settlement") to the Motion to Dismiss ("Motion") filed by interested parties Everlake Assignment Company f/k/a Allstate Assignment Company ("Everlake Assignment") and Wilton Reassurance Life Company of New York f/k/a Allstate Life Insurance Company of New York ("Wilton Re Life NY") makes clear this Court lacks subject matter jurisdiction over CBC Settlement's Verified Petition ("Petition" or "Pet."). The Petition does not seek redress for any injury suffered by CBC Settlement as a result of alleged conduct on the part of the respondents and interested parties. Rather, CBC Settlement and Demirar Lowery ("Ms. Lowery") seek approval of a sale of Ms. Lowery's future monthly payments due under a structured settlement agreement and the related annuity contract no. SSNY00047A (the "Annuity").[1]

Contrary to CBC Settlement's assertions, the Petition does not raise a federal question merely because "it implicates the provisions of 26 U.S.C. § 5891." (Opp. p. 2.) Furthermore, CBC Settlement has not, and cannot, show where in the November 24, 2003 Infant's Compromise Order (the "Minor's Order") this Court retained jurisdiction. CBC Settlement's reliance on diversity jurisdiction is also misplaced given the Petition does not raise a claim of a violation of a state-created legal right. Constitutionally-speaking, a state-based transfer petition hearing is not a case or controversy under Article III. Finally, contrary to CBC Settlement's assertions, New York courts consistently hold that structured settlement anti-assignment provisions are enforceable. Consequently, the Petition must be dismissed with prejudice.

## ARGUMENT

**I.      The Petition Does Not Raise A Federal Question And Diversity Jurisdiction Does Not Confer Subject Matter Jurisdiction in the Absence of a Violation of a State-Created Legal Right**

---

[1] *See* Ms. Lowery Answer (ECF Doc. 18).

1

The Supreme Court has stated that for federal question jurisdiction to apply, the state-law claim must raise a disputed and substantial issue of federal law. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Here, CBC Settlement has not asserted that the provisions of the New York Structured Settlement Protection Act, N.Y. Gen. Oblig. Law ("GOL") § 5-1701 *et seq.* (the "New York Act") or 26 U.S.C. § 5891 (the "Tax Code") raise significant or contested issues of federal law. There is no dispute that for CBC Settlement to avoid the 40% excise tax in connection with its attempt to acquire Ms. Lowery's structured settlement payment rights, the transaction must be approved pursuant to a "qualified order." 26 U.S.C. § 5891(b)(2). The issue CBC Settlement wants adjudicated is solely that approval. The tax avoidance, if approved, is neither disputed nor an issue. Moreover, CBC Settlement admits the Tax Code provides that a "qualified order" is one issued "**under the authority of an applicable State statute by an applicable State court**." 26 U.S.C. § 5891(2)(B)(i) (emphasis added). Had Congress intended for a federal court to have jurisdiction over the transfer of structured settlement payment rights, it would not have specifically provided that the qualified order must be issued "by an applicable State court." *Id.*

Furthermore, the New York Act is state law and, as such, cannot create federal jurisdiction. *See Duchek v. Jacobi*, 646 F.2d 415, 419 (9th Cir. 1981) ("In determining jurisdiction, district courts of the United States must look to the sources of their power, Article III of the United States Constitution and Congressional statutory grants of jurisdiction, not to the acts of state legislatures. However extensive their power to create and define substantive rights, the states have no power directly to enlarge or contract federal jurisdiction."). While the New York Act indicates that a petition can be brought "in any court which approved the structured settlement agreement," GOL § 5-1705(b)(ii), that does not independently establish federal jurisdiction. Nothing in the New York Act establishes federal jurisdiction over a transfer of structured settlement payment rights.

2

CBC Settlement's conclusory statement in its Opposition that because this Court entered the Minor's Order, it maintains jurisdiction is baseless. There is nothing in the Minor's Order expressly stating that this Court retained jurisdiction over the settlement agreement or that it incorporated the terms of the settlement agreement into the order. Furthermore, CBC Settlement is not attempting to enforce the Settlement Agreement or Minor's Order. To the contrary, it is seeking to undermine those documents by transferring payments and violating the anti-assignment provision. "The Supreme Court has cautioned against the exercise of jurisdiction over proceedings that are entirely new and original, or where the relief sought is of a different kind or a different principle than that of the prior decree." *Priestley v. Panmedix Inc.*, 18 F. Supp. 3d 486, 495 (S.D.N.Y. 2014) (quoting *Peacock v. Thomas*, 516 U.S. 349, 358 (1996)).

Moreover, despite CBC Settlement's bare assertion, there is no diversity jurisdiction either. The New York Act is a mechanism created by the New York legislature to provide for state court judges to review and, if applicable, approve the transfer of structured settlement payment rights. The fact that the parties in this matter are diverse does not confer subject matter jurisdiction in this Court on a purely state law statute. CBC Settlement's Petition does not plead a violation of a state-created legal right. That is, CBC Settlement has not asserted in the Petition that Everlake Assignment and Wilton Re Life NY have caused CBC Settlement to suffer any injury. Rather, the Petition seeks approval of a voluntary agreement between CBC Settlement and Ms. Lowery. Everlake Assignment and Wilton Re Life NY are merely interested parties provided the right to respond and raise objections. Just because a state statute gives certain parties the right to be heard, that cannot possibly manufacture a "controversy… between citizens of different states" sufficient to create federal subject-matter jurisdiction. 28 U.S.C. § 1332(a)(1); *see Romanella v. Hayward*, 114 F.3d 15, 16 (2d Cir. 1997) (courts are required to "strictly construe the diversity statute").

## II.    There is No Article III Case or Controversy

CBC Settlement also fails to defend how exactly its Petition qualifies as a case or controversy under Article III of the U.S. Constitution. It merely claims that Congress has created jurisdiction through 26 U.S.C. § 5891 and that Everlake Assignment and Wilton Re Life NY allegedly refuse to "acquiesce in the transaction."

The main problem with CBC Settlement's argument is that even if there were an applicable federal statute, an Article III case or controversy does not exist based on a mere procedural violation. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341–42 (2016); *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 308–09 (2d Cir. 2024) (finding no Article III standing based on a state law entitlement to notice without a traceable injury-in-fact). The New York Act grants Everlake Assignment and Wilton Re Life NY an opportunity to raise issues that a court would have to consider to determine whether the transaction complies with the New York Act and thus, can be approved. Consequently, no injury to CBC Settlement is traceable to Everlake Assignment and Wilton Re Life NY—rather, it is traceable to the court that would not approve it, or to the essential legal flaw in the transaction CBC Settlement would like to undertake. Whether or not Everlake Assignment and Wilton Re Life NY "acquiesce" is irrelevant as a constitutional matter. While states are free to use courts for what is essentially an administrative process, federal courts have limited jurisdiction that simply does not extend to this kind of case.

## III.    The Petition Violates the Anti-Assignment Language in the Settlement Agreement and Related Contracts in Contravention of Well-Established New York Law

CBC Settlement's Opposition attempts to divert this Court from well-established New York law holding that the New York Act did not nullify the rights of structured settlement obligors or annuity issuers from enforcing the anti-assignment language of the underlying settlement

agreement.[2] In fact, the New York Act expressly preserves the rights of structured settlement obligors, such as Everlake Assignment, and annuity issuers, such as Wilton Re Life NY, who are defined under the New York Act as "interested parties" entitled to notice to advocate for, among other things, the enforcement of contractual anti-assignment provisions. GOL § 5-1701(f); *see also* GOL § 5-1708(e) ("Nothing contained in this title shall be construed to authorize any transfer of structured settlement payment rights in contravention of any statute…").

In fact, contrary to CBC Settlement's claims, denials of transfer petitions are not limited to pre-existing contract principles or a requirement that the language provide for consequences. (Opp. p. 6.)[3] Rather, New York courts consistently uphold and enforce unambiguous contractual provisions contained in structured settlement agreements and related contracts. *See In re Advance Funding LLC*, 51 Misc. 3d 1215(A), at *6, 38 N.Y.S.3d 830 (N.Y. Sup. Ct. 2016) ("Since Hartford has appeared and asserted its rights under the non-assignment clause in the Settlement Agreement, the non-assignment provision precludes this transfer."); *In re J.G. Wentworth Originations, LLC,* 51 Misc.3d 1216(A), 38 N.Y.S.3d 831 (N.Y. Sup. Ct. 2016) (same); *J.G. Wentworth Originations, LLC v. Robinson*, No. 112976/14 (N.Y. Sup. Ct., Albany Cty. March 27, 2014) ("Because the

---

[2] *See Peachtree Settlement Funding, LLC v. Hernandez*, No. 2602122012, 2012 WL 10028450, at *1 (N.Y. Sup. Ct. June 19, 2012); *Matter of the Petition of J.G. Wentworth Originations, LLC (Radcliffe)*, Index No. 30364/10 (Sup. Ct., Westchester Co., March 23, 2011) ("There is absolutely no indication in the legislative history of the [New York Act] that the legislature intended to change the law and to permit the transfer or assignment of the right to payment if the statutory criteria of [the New York Act] were met, notwithstanding restrictive language in a structured settlement agreement"); *Matter of 321 Henderson Receivables Origination LLC (Logan),* 19 Misc. 3d 504, 506, 856 N.Y.S.2d 817 (N.Y. Sup. Ct. 2008) (holding that the enactment of the New York Act did not change the law so as to allow transfers in contravention of a settlement agreement's restrictive language); *In re Emerald Funding Corp.*, 2003 NYLJ LEXIS 240, *8 (N.Y. Sup. Ct., Monroe Cty. June 12, 2003) ("If prior to the [New York Act] a clause such as the one at issue here barred assignment … it should operate just as effectively afterwards.").

[3] Even if this Court were to ascribe validity to CBC Settlement's argument that the anti-assignment language requires consequences to be enforceable, the language in the underlying Settlement Agreement clearly states that "[a]ny attempt by Plaintiffs to so assign, anticipate, pledge or encumber any annuity payments shall be null and void."

settlement contains a valid restriction on assignment of its payments, which has not been waived, the transfer proposed herein is prohibited"); *Peachtree Settlement Financing, LLC v. Loftin*, No. 1089321-12 (N.Y. Sup. Ct., Albany Cty. Nov. 13, 2012) ("Because the Structured Settlement Agreement's anti-assignment provision was not properly waived, the petition is denied"); *see also Cordero v. Transamerica Annuity Service Corp.*, 39 N.Y.3d 399 (2023) (confirming that structured settlement anti-assignment language is valid and that the annuity owner and issuer are entitled to either enforce the provision or waive it.).[4] The fact that Ms. Lower has agreed to the transfer does not change the result. *See Matter of J.G. Wentworth Originations, LLC*, 112 N.Y.S.3d 888, 891 (N.Y. Sup. Ct. 2019) (stating that while the obligor may waive the anti-assignment provision, the payee may not).[5] Federal courts similarly find anti-assignment provisions in structured settlements to be enforceable in the related context of when factoring companies improperly attempt to use arbitration as an end-run to state structured settlement protection acts. *See, e.g., Pac. Life Ins. Co. v. Rapid Settlements, Ltd.*, 2007 WL 2530098, at *1 (W.D.N.Y. Sept. 5, 2007), *aff'd*, 309 F. App'x 459 (2d Cir. 2009).

---

[4] Indeed, New York courts have a long history of enforcing contractual restrictions on assignment. *See University Mews Assocs. v. Jeanmarie*, 122 Misc. 2d 434, 439, 471 N.Y.S. 2d 457 (N.Y. Sup. Ct., N.Y. Cty. 1983) (New York courts generally recognize and enforce contractual provisions prohibiting assignment); *Allhusen v. Caristo Constr. Corp.*, 303 N.Y. 446, 103 N.E.2d 891 (1952) (holding that a restriction eliminating the power to assign is enforceable).

[5] CBC Settlement's argument that Ms. Lowery did not bargain for the anti-assignment language is equally unavailing. Section 130 of the tax code, 26 U.S.C. § 130, is designed to afford certain tax advantages to assignment companies like Everlake Assignment that accept assignments of structured settlement payment obligations from settling defendants and/or their insurers. The fact that Section 130 provides a tax incentive to companies like Everlake Assignment does not somehow change the fact that New York law provides that anti-assignment language in structured settlement agreements is for the benefit of settlement obligors and annuity issuers, and that those parties are entitled to enforce those clauses. To this day, structured settlement agreements contain anti-assignment provisions. *See* Treasury Regulations § 1.451-2(a) (requiring not only that a third-party obligor own and control the annuity, but also that the structured settlement documents impose "substantial limitations and restrictions" on the tort plaintiff's ability to control their receipt of future payments).

6

CBC Settlement's reliance on legislative history is also misplaced. The New York legislators not only expressly acknowledged the enforceability of anti-assignment clauses in structured settlement agreements when they enacted the original New York Act in 2002 (*see* GOL § 5/1702(d)), but also confirmed the continued enforceability of the clauses when it amended the New York Act in 2010. (2010 N.Y. Laws 511 (2010 S.B. 3681)); *see also Matter of Knight-Rider Broadcasting v. Greenberg*, 70 N.Y.2d 151, 157 (1987) (legislation "must be reviewed in light of existing decisional law which the Legislature is presumed to be familiar with and to the extent it left it unchanged, that it accepted"). Thus, the statutory language and legislative history of the New York Act confirm the New York legislature recognized the rights of structured settlement obligors and annuity issuers to enforce the anti-assignment provisions of the governing contracts.

CBC Settlement also claims that New York Insurance Law § 3212(d) provides that any purported limitation upon transfer in an annuity contract funding a structured settlement are ineffective if the transfer has been approved pursuant to the New York Act. (*See* Opp. p. 5; Pet. ¶ 11.) This statement is, at best, a misinterpretation of the statute and, at worst, a deliberate misrepresentation of the provision. Contrary to CBC Settlement' statement, Section 3212(d) merely provides that "[t]he benefits, rights, privileges or options accruing under an annuity contract funding a structured settlement *which would otherwise be nontransferable under this subsection* may be transferred in accordance with [the New York Act]." *Id.* (emphasis added). In other words, this section merely provides that the broad statutory prohibition against the transfer of annuity payments does not apply when the annuity funds a structured settlement and the transfer is approved pursuant to the New York Act. This section does not in any way abrogate the New York Act's requirements for approval of factoring transactions and certainly does not abrogate New York's common law enforcement of clear, unambiguous anti-assignment clauses contained in settlement agreements and related contracts like the anti-assignment language at issue here. *See*

7

*Logan*, 19 Misc.3d at 506 (Section 3212 does not preclude a payee from agreeing to an anti-assignment provision, and the statute itself expressly allows for an anti-assignment provision in a structured settlement agreement).

Finally, CBC Settlement's reliance on *In re Settlement Capital Corp. for Approval of Transfer of Structured Settlement Payment Rights of Maria S. Illescas in Accordance with General. Obligations Law*, No. 103992/03, 2003 WL 26094929 (N.Y. Sup. Ct. Dec. 22, 2003), to assert that structured settlement obligors and annuity issuers must "advance [a] material unprotected interest" when raising an anti-assignment objection is unsupported by any subsequent New York decision. In fact, *In re Lobello*, 28 Misc. 3d 1203(A), at *1, 957 N.Y.S.2d 636 (N.Y. Sup. Ct. 2010), which CBC Settlement cites in support of its reliance on *Illescas*, found that the proposed transfer was "illegal and barred by the settlement agreement." The *Lobello* Court thus, enforced the anti-assignment language and noted that "[t]he passage of the [New York Act] … in 2002 did not alter this general law with regard to the enforceability of such restrictions on sale or transfer." As the cases cited herein and in Everlake Assignment's and Wilton Re Life NY's opening memorandum show, no New York Court has adopted the *Illescas* standard.

The New York Act does not contain language, and CBC Settlement has cited none, that grants a court the power to approve a transfer when an objection by an interested party asserting the proposed transfer would contravene the terms of the structured settlement has been made. To approve the Petition would be to sanction, in advance, a direct breach of the governing contracts. Neither New York law nor the New York Act permit such a result.

## <u>CONCLUSION</u>

For all of these reasons, as well as those set forth in Everlake Assignment's and Wilton Re Life NY's opening memorandum of law, CBC Settlement's Petition should be dismissed with prejudice.

Dated: December 11, 2024

Respectfully Submitted,

COZEN O'CONNOR

*/s/ Ilya Schwartzburg*
Ilya Schwartzburg
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
ischwartzburg@cozen.com

*Attorneys for Everlake Assignment Company f/k/a Allstate Assignment Company and Wilton Reassurance Life Company of New York f/k/a Allstate Life Insurance Company of New York*

**Certification**

I certify that this brief contains 2,353 words and complies with the formatting rules in the Court's Individual Practice Rules.


*/s/ Ilya Schwartzburg*
Ilya Schwartzburg