USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CBC SETTLEMENT FUNDING, LLC,

                         Plaintiff,

    -against-

EVERLAKE ASSIGNMENT COMPANY f/k/a
ALLSTATE ASSIGNMENT COMPANY,
WILTON REASSURANCE LIFE COMPANY OF
NEW YORK f/k/a ALLSTATE LIFE INSURANCE
COMPANY OF NEW YORK, and DEMIRAR
LOWERY,

                         Defendants.

No. 24-CV-4668 (NSR)

**OPINION & ORDER**

---

NELSON S. ROMÁN, United States District Judge:

Plaintiff, CBC Settlement Funding, LLC, filed a verified petition pursuant to 26 U.S.C. § 5891 and New York's Structured Settlement Protection Act, General Obligations Law Section § 5-1701 (the "SSPA"), seeking judicial approval of the sale and transfer of structured settlement payment rights that *pro se* Defendant Demirar Lowery is the beneficiary of. Defendants Everlake Assignment Company ("Everlake") and Wilton Reassurance Life Company of New York ("Wilton"), bring this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Defendants Everlake and Wilton claim (1) that this Court lacks subject matter jurisdiction, (2) Plaintiff lacks standing for Article III purposes, and (3) that the anti-assignment clauses contained in the original settlement agreement preclude the sale and transfer. For the following reasons, Defendants Everlake and Wilton's motion is GRANTED.

## PROCEDURAL HISTORY

On June 19, 2024, Plaintiff filed a verified petition pursuant to 26 U.S.C. § 5891 and the SSPA seeking judicial approval of the sale and transfer of future rights to payments from the

structured settlement agreement from Defendant Lowery to Plaintiff. (ECF No. 1.) On December 11, 2024, Defendants Everlake and Wilton filed their motion to dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), respectively, (ECF No. 20) along with a Memorandum of Law in Support ("MoL"). (ECF No. 20.) Plaintiff then filed their Memorandum of Law in Opposition (the "Opp."). (ECF No. 22.) Defendants Everlake and Wilton filed a Reply in response to Plaintiff's Opp. (the "Reply"). (ECF No. 21.) Defendant Lowery also filed two letters with the Court indicating her desire to terminate her relationship with Plaintiff. (ECF Nos. 23 and 24.)

## FACTUAL BACKGROUND

Plaintiff is a factoring company. Factoring companies provide financing by purchasing accounts receivable from businesses or individuals at a discount in exchange for immediate lump sums of cash. Defendant Demirar Lowery entered into an agreement with Plaintiff to sell the rights to future payments from a structured settlement agreement that she is the beneficiary of. Structured settlement agreements are agreements between a tort claimant and tortfeasor where the claimant will collect periodic payments over an agreed period of time. These agreements are typically funded through an annuity. Defendant Lowery entered into this structured settlement agreement as a child through an Infant Compromise Order signed by her then-guardian, Velda Lowery. That structured settlement agreement was approved by another judge in the Southern District of New York in *Velda Lowery, et al v. Ossining Union Free School District, et al*. No. 02 Civ. 8350 (JSR). Everlake Assignment is the owner of the structured settlement annuity contract that funds Defendant Lowery's periodic payments and Wilton Reassurance Life Company of New York is the issuer.

Plaintiff filed a verified petition before this Court requesting judicial approval of the sale and transfer of the rights to future payments from the structured settlement agreement pursuant to 26 U.S.C. § 5891 and the SSPA. Plaintiff seeks to purchase the rights to monthly payments of $1,200 from August 1, 2039 through July 1, 2049, which amounts to $264,000 in total. According to the verified petition, Plaintiff will purchase these rights for a one-time payment of $25,000. Defendants Everlake and Wilton object to this sale and transfer and argue that this Court lacks subject matter jurisdiction, and that Plaintiff has otherwise failed to state a claim.

## LEGAL STANDARDS

### A.  Rule 12(b)(1) Lack of Subject Matter Jurisdiction

A challenge to a federal court's subject matter jurisdiction is properly raised by way of a Rule 12(b)(1) motion. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). "A 'case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (citing *Markarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). Without jurisdiction, the Court is devoid of the "power to adjudicate the merits of the case" and for that reason, a court must decide a Rule 12(b)(1) motion before any motion on the merits. *Carter v. HealthPort Tech., LLC*, 822 F.3d 47, 55 (2d Cir. 2016). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison*, 547 F.3d at 170. While a Court must accept all factual allegations in Plaintiff's complaint as true, a jurisdictional showing must be made affirmatively; "it is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id*. When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings. *See Makarova*, 201 F.3d at 113.

### B.  Rule 12(b)(6) Failure to State a Claim

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether a complaint states a claim upon which relief can be granted, the court "begins by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but has not shown that the pleader is entitled to relief. *Id*

### DISCUSSION

### A.  Subject Matter Jurisdiction

Defendants Everlake and Wilton claim that the Court lacks subject matter jurisdiction. Under 28 U.S.C. § 1331, district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. This is otherwise known as federal question jurisdiction. Here, there is only one federal statute implicated by Plaintiff's verified petition in 26 U.S.C. § 5891. The other statute implicated by Plaintiff's verified petition is the SSPA, which is a New York State law and would not confer federal question jurisdiction. That said, these two statutes do dovetail in that Congress enacted § 5891 to reinforce state protection acts such as the SSPA. Under § 5891, a 40 percent federal excise tax is imposed on any party that acquires payment rights in a structured settlement factoring transaction that does not first

receive approval by a state court acting under the applicable state statute. *See* 26 U.S.C. §

5891(b)(2)(B). Tax transactions that are approved by a "qualified order" are exempt from this

tax. *See* 26 U.S.C. § 5891(b)(1). A qualified order is a final order, judgment, or decree that finds

that the transfer is in the best interest of the payee issued under the authority of an applicable

state statute and by a state court. *See* 26 U.S.C. § 5891(b)(2). The SSPA was enacted for much

the same reason in that it required judicial approval and a court finding that the transfer was in

the best interest of the payee. *See* GOL § 5-1706(b). Though 26 U.S.C. § 5891 is a law of the

United States it does not confer the Court authority to approve Plaintiff's verified petition. The

plain text of 26 U.S.C. § 5891(b)(2) requires approval from a state court of which this Court is

not. Accordingly, there is no federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiff claims that this Court retains jurisdiction as the Court that approved the original

structured settlement agreement in *Velda Lowery, et al v. Ossining Union Free School District,*

*et al*. No. 02 Civ. 8350 (JSR). The text of the SSPA seems to support this argument. *See* GOL §

5-1705(b) ("such proceedings shall be commenced to obtain approval of a transfer of structured

settlement payment rights … in any court which approved the structured settlement agreement.")

But "[f]ederal courts are courts of limited jurisdiction … [and] possess only that power

authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

375, 377 (1994) (citations omitted). Courts are to presume that a cause lies outside their

jurisdiction until it has been established by the party asserting jurisdiction. *Id*. And just because a

court has given its judicial imprimatur on a settlement does not necessarily mean it retains

jurisdiction for future purposes. *See Hendrickson v. United States*, 791 F.3d 354, 359 (2d Cir.

2015) (determining that it is not categorically true that where there is judicial imprimatur that

there is also jurisdiction). Instead, there are two ways for a court to retain ancillary jurisdiction:

(1) by expressly retaining jurisdiction over the settlement agreement, or (2) incorporating the terms of the settlement agreement in the order. *See Kokkonen*, 511 U.S. at 381. Here, the district court did not expressly retain jurisdiction over the settlement agreement in *Velda Lowery, et al v. Ossining Union Free School District, et al*. No. 02 Civ. 8350 (JSR). *See* Everlake and Wilton's Exhibit A. The district court also did not incorporate any of the terms into the order of dismissal and the docket reveals only a brief mention that the parties reached a settlement in open court during trial. *See* ECF Nos. 38, 39. The Court has been provided with no other documents that prove otherwise. Accordingly, the Court did not retain ancillary jurisdiction to provide judicial approval under the SSPA.

Defendants Everlake and Wilton further argue that this Court lacks diversity jurisdiction. Under 28 U.S.C. § 1332, district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. Here, Plaintiff is a limited liability company with its principal place of business in Pennsylvania. Defendant Lowery is domiciled and resides in Orange County, New York. Defendants Everlake and Wilton maintain their principal place of business in Illinois. Accordingly, because Plaintiff is a citizen of a different state than the Defendants there is complete diversity amongst the parties. Moreover, because the amount at issue is $264,000, the amount in controversy requirement is also met. Accordingly, there being complete diversity and an amount in controversy exceeding $75,000, the Court has subject matter jurisdiction under 28 U.S.C. § 1332.

### B.  Standing

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). The Supreme Court

has long held that the case-or-controversy limitation requires that a case embody a genuine, live

dispute between adverse parties. *See Carney v. Adams*, 592 U.S. 53, 58 (2020). Appropriate

cases or controversies are those that present questions that are "framed and necessary for

decision from a clash of adversary argument exploring every aspect of a multifaced situation

embracing conflicting and demanding interests." *Flast v. Cohen*, 392 U.S. 83, 97 (1968). An

essential element of the case-or-controversy requirement is that the plaintiff has standing.

*Clapper*, 568 U.S. at 408. Standing requires that a plaintiff have (1) suffered an injury in fact—

an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual

or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the

injury and the conduct complained of—the injury has to be fairly traceable to the challenged

action of the defendant, and not the result of the independent action of some third party not

before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will

be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

Here, the verified petition does not present a live case or controversy. There is no clash of

adverse arguments that requires judicial attention and adjudication. Plaintiff is merely asking for

judicial approval of a sale and transfer of future payments rights. Moreover, Plaintiff has not yet

suffered an injury to a legally protected interest, and one does not seem imminent. Plaintiff

would presumably suffer an injury in the form of the 40 percent excise tax imposed under 26

U.S.C. § 5891 absent judicial approval. But § 5891's tax cannot confer standing because that

injury would be *caused* by judicial approval from this Court instead of saving Plaintiff from it.

As mentioned, § 5891's tax is triggered absent approval from an appropriate state court acting

under an applicable state statute. Because this Court is not a state court, if it were to authorize the

sale and transfer as Plaintiff requests, then § 5891's tax would be imposed. Plaintiff cannot manufacture standing in this way.

Plaintiff's other argument on standing is nonsensical. Plaintiff argues that they do not seek an advisory opinion and that this case presents a live controversy because "Defendants Everlake and Wilton would not acquiesce to the transaction in the absence of judicial intervention, which in any event they would require." (Opp. at 4.) And that "[i]f 26 U.S.C. § 5891 had not been enacted by Congress, Plaintiff would have standing by Defendants' refusal to acquiesce in the transaction." (*Id*.) First, Plaintiff's argument that Defendants did not acquiesce to the transaction does not confer standing because, as Plaintiff acknowledges, their acquiescence is irrelevant and judicial approval is required anyway. Second, Plaintiff's hypothetical that they would have standing had 26 U.S.C. § 5891 not been enacted is similarly irrelevant because it was enacted.

Moreover, all signs indicate that this case should be in state court. 26 U.S.C. § 5891's text makes clear that avoidance of the 40 percent tax requires state court approval. So too with the SSPA. SSPA's text provides that an approval proceeding should take place in the supreme court of the county in which the payee resides or in any court which approved the structured settlement agreement. *See* GOL § 5-1705(b). The Court is not aware, and the parties have not provided, one example of a federal court approving such a sale or transfer. From the papers provided by Defendants' Everlake and Wilton, it seems that the only reason this case is before this Court is because Plaintiff and Defendant Lowery had difficulty obtaining approval in Orange County Supreme Court. *See* Everlake and Wilton's Exhibit E (noting that Defendant Lowery has habitually applied for court approval for the transfer of settlement funds—totaling at least 12

applications and at least five of which have been denied). Accordingly, because Plaintiff has not

presented a live case or controversy, Plaintiff lacks standing for Article III purposes.

## CONCLUSION

Because Plaintiff lacks standing, Defendants' motion to dismiss is GRANTED. Plaintiff's

petition is dismissed with prejudice. The Clerk of Court is kindly directed to terminate the motion

at ECF No. 20 and to terminate the action for all parties.

Dated: May 27, 2025                                                SO ORDERED:
White Plains, New York

_____

NELSON S. ROMÁN
United States District Judge